**Wimer v. Macielak**

C.P. of Crawford County, A.D. no. 1995-1052.

*James P. Lay III,* for plaintiffs.
*Bernard R. Rizza,* for defendants Macielak, Laub & Orthopedic Associates.
*John M. Quinn,* for defendants Durick and Meadville Medical Center.

VARDARO, *J.,* August 23, 1999—The above captioned case is a medical malpractice suit against the named defendants for personal injuries suffered by the plaintiff, John D. Wimer, while under their care as a patient at the Meadville Medical Center on or about October 7, 1993. It has been alleged that as a result of the medical negligence of the defendants, the plaintiff suffered a spinal cord injury which has left him a paraplegic.

During depositions of defendants Macielak and Durick, plaintiffs' counsel asked certain questions designed to elicit the opinions of the defendants. These questions were objected to by defendants' counsel, and the defendants were directed not to answer the questions. Plaintiffs' counsel has now set forth a motion to compel the

defendants to answer these questions. It is to this motion that we now turn.

## DISCUSSION

During the deposition of Dr. Macielak, the following exchange occurred:

"Q: Doctor, if there were to be a surgical intervention in response to the complaints that—or the problems that Mr. Wimer exhibited, I believe your notes say quicker slash better. Is reasonable to believe that the likelihood of successful reversal of the problem or minimizing the problem would be greater if the surgical intervention is performed at the earliest reasonable time?

"A: It would depend on the etiology of the problem.

"Q: Okay. Do you hold an opinion as to the etiology of this problem?

"Mr. Rizza: As of when?

"Mr. Lay: Today.

"Mr. Rizza: Well, no, he is not going to testify to what his opinion is today, Jim. You're calling him to testify to . . .

" Mr. Lay: Not, no, I'm entitled to ask him what his opinion is.

"Mr. Rizza: You're entitled to ask him what his opinion is based upon the facts at the time he was treating Mr. Wimer, he's not here acting as an expert for or against himself or for you, so to the extent it's beyond that period of time . . . .

"Q: Have you since formed an opinion as to the cause of Mr. Wimer's neurological deficits following the first surgery?

"Mr. Rizza: Again, I'll raise the objection and instruct him not to answer to the extent that he didn't have these opinions during the time he was treating Mr. Wimer."

During the deposition of Dr. Durick, substantially similar questions were presented and similar objections were set forth. The pertinent exchanges which occurred in the deposition of Dr. Durick follow:

"Q: Doctor, if you know then, that is, on the afternoon of October 7 while John Wimer was in the recovery room, if you knew then what you know now, what, if anything, would you have done differently?

"Mr. Quinn: Object and direct him not to answer.

"Q: On what basis?

"Mr. Quinn: It's his opinion."

In support of the motion to compel answers to the questions which were objected to, the plaintiffs look to Pa.R.C.P. 4003.1(c) which provides that "[e]xcept as otherwise provided by these rules, it is not ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to fact." It is the position of the plaintiffs that based upon the unambiguous language of Rule 4003.1(c), the defendants must provide their opinions on the matters inquired.

We first observed that the "scope of discovery is subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011." Pa.R.C.P. 4003.1(a). Subject to these provisions then, "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." *Id.* Therefore, if the subject matter of the questions presented by the plaintiffs falls within the bounds of discovery which is permitted and not also within the bounds of that expressly prohibited, the defendants will be required to respond. The salient question for our purposes is whether the actual subject matter that the plaintiffs' deposition questions are intended to elicit is permitted by our

rules of discovery as they relate to these parties and this action.

The plaintiffs' deposition questions all seek from the defendants their opinions relating to their care of the plaintiff. The plaintiffs maintain that since the discovery of a deponent's opinion is now expressly permitted under the authority of Rule 4003.1(c), that the defendants' answers must be compelled. Ostensibly, under the plaintiffs' interpretation of Rule 4003.1(c), the mere fact that an opinion is requested will justify the subject matter of the question. That is, even matters outside the proper scope of discovery must be disclosed when framed so as to elicit an opinion. We find the plaintiffs' overreaching interpretation of Rule 4003.1(c) fails to consider the complete text of this rule and, therefore, we are compelled to disagree.

Rule 4003.1(c) sets forth the general rule that opinions are now discoverable, but prefaces this general rule with the specific limitation that they may be discoverable "[e]xcept as otherwise provided by these rules." Pa.R.C.P. 4003.1(c). Therefore, the application of this rule is necessarily subject to the rules which apply to discovery generally. The general rule that opinions are discoverable cannot be read as an absolute and in a vacuum as the plaintiffs would have it, but must be read in the context of other discovery rules. The first point of our inquiry in determining whether the matters at issue are properly discoverable is not whether they have been requested in the form of an opinion, but whether they are within the proper scope of discovery.

Plaintiffs' counsel requested of defendant Macielak his opinion as to the cause of the plaintiff's medical condition, not at the time of his treatment of the plaintiff, but instead his opinion as to causation at the time of the

deposition. Similarly, defendant Durick was asked his opinion as to what he would now do differently in treating the plaintiff based on what he knows at this time.

Both sets of questions to these defendants seek the discovery of information which is irrelevant to the subject matter of plaintiffs' cause of action. It has been alleged that the defendants were negligent in their care and treatment of the plaintiff while under their care in October of 1993. Therefore, it is the opinions which they may have held at the time of their treatment of the plaintiff at that time which are at issue in this cause of action and not their opinion nearly six years later as to either causation or whether a different course of treatment would have been more effective. Any opinions which they may now hold based on reflection or information not then known and which were not held at the time they treated the plaintiff are irrelevant to establishing the nature of care provided at the time of the alleged negligence or the treatment provided and will not advance the plaintiffs' case in establishing that the care provided at the time of the plaintiff's injury was negligent. See *Obenski v. Brooks,* 7 D.&C.3d 253 (1978) (defendant physician is only required to offer his opinion as to causation as of the time of the treatment of the plaintiff).

Based upon the foregoing, we conclude that the subject matter of the questions at issue is precluded by Pa.R.C.P. 4003.1(a) and, therefore, outside the proper scope of discovery.

Accordingly, we will enter the following order:

## ORDER

And now, August 23, 1999, the plaintiffs' motion to compel discovery is denied.